

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 13, 1961

Honorable Joe N. Chapman
Chairman, Counties Committee
House of Representatives
Austin, Texas

Opinion No. WW-1014

Re: Constitutionality of House
Bill 248 of the 57th Legis-
lature, which would create
a civil service system of
selection, tenure and status
of all employees of counties
having a population of not
less than 314,000 and not
more than 315,000 inhabitants
according to the last preced-
Dear Mr. Chapman:                    ing federal census.

You have requested an opinion on the constitutionality
of House Bill 248 of the 57th Legislature.

Sections 1 and 2 of House Bill 248 provide as follows:

"Section 1.  From and after the effective
date of this Act, the Commissioners' Court of
all counties in this State having a population
of not less than Three Hundred and Fourteen
Thousand (314,000) and not more than Three Hun-
dred and Fifteen Thousand (315,000) according
to the last preceding federal census is author-
ized to establish a civil service system of
selection, tenure and status, applicable to all
employees of such counties with the exception of
elected officials, members of boards and com-
missions and of the judiciary.

"Section 2.  Such system may also include
uniform provisions in respect to classification
of position and salary ranges, payroll certifi-
cation, attendance, vacation, sick leave,

competitive examinations, hours of work,
tours of duty or assignments according to
earned seniority, employee grievance pro-
cedures, disciplinary actions, layoffs and
separations for cause subject to approval
of a civil service commission and all other
appropriate provisions relating to rates of
pay, wages, hours of work, and other work-
ing conditions."

Section 3 is the severability clause and Section 4 de-
clares an emergency.

There is only one county within the State which comes
within the enumerated bracket of the Bill. According to
the 1960 federal census report, El Paso County has a popu-
lation of 314,070 inhabitants.

Section 56 of Article III of the Constitution of Texas
provides in part as follows:

"The Legislature shall not, except as
otherwise provided in this Constitution,
pass any local or special law, authorizing:

". . .

"Regulating the affairs of counties,
cities, towns, wards or school districts; . . ."

There are four counties with a greater population than
the range from 314,000 to 315,000 inhabitants and there are
249 counties with a lesser population than the range from
314,000 to 315,000 inhabitants.

It is apparent that House Bill 248 is regulating the
affairs of counties within the meaning of Section 56 of
Article III of the Constitution of Texas. Bexar County v.
Tynan, 128 Tex. 223, 97 S.W.2d 467 (1936) and Miller v.
El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941). In
Bexar County v. Tynan, supra, the Supreme Court stated:

". . . the Legislature may classify
counties upon a basis of population for the

purpose of fixing compensation of county and precinct officers, <u>yet in doing so the classification must be based upon a real distinction, and must not be arbitrary or a device to give what is in substance a local or special law the form of a general law.</u> . . .

"'The rule is that a classification cannot be adopted arbitrarily upon a ground which has no foundation in difference of situation or circumstances of the municipalities placed in the different classes. There must be some reasonable relation between the situation of municipalities classified and the purposes and objects to be attained. There must be something . . . which in some reasonable degree accounts for the division into classes.'

" . . .

"In the case of Clark v. Finley, 93 Tex. 171, 54 S.W. 343, this Court recognized that substantial differences in populations of counties could be made a basis of legislation fixing compensation of officers, on the theory, as the court clearly recognized, that the work devolving upon an officer was in some degree proportionate to the population of the county. This has frequently been recognized by courts as creating a sufficient distinction to justify a larger compensation for county officers in counties having a large population as compared with compensation to like officers in counties having a small population. <u>Conversely, we think it true that if the Legislature ignores the obvious fact that the work of county officers is proportionate to population and classifies counties in such a way that the compensation of officers of a county having a large population is fixed far below the compensation allowed like officers in small counties, such action amounts to fixing a classification which is arbitrary and which has no true relevancy to the purpose of the legislation.</u> . . ." (Emphasis added)

In view of the foregoing authorities, it is our opinion that House Bill 248 of the 57th Legislature is in violation

of Section 56 of Article III of the Constitution prohibiting the enactment of local or special laws regulating the affairs of counties.

### S U M M A R Y

House Bill 248 of the 57th Legislature authorizing the establishment of a civil service system of selection, tenure and status for all employees of counties having a population of not less than 314,000 and not more than 315,000 inhabitants according to the last preceding federal census is unconstitutional and void, being in violation of Section 56 of Article III of the Constitution of Texas, prohibiting the enactment of local or special laws regulating the affairs of counties.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*
John Reeves
Assistant

JR:ms:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

William H. Pool, Jr.
Elmer McVey
Joe B. McMaster
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL

BY: Morgan Nesbitt